UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAISY BUNDRAGE,

        Plaintiff,                      CASE NO.: 8:15-CV-618T33MAP

vs.

YAKIM MANASSEH JORDAN
a/k/a PROPHET MANASSEH
JORDAN and MANASSEH
JORDAN MINISTRIES

        Defendants.
_____/

**DEFENDANTS YAKIM MANASSEH JORDAN AND MANASSEH JORDAN MINISTRIES, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT, AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6), Defendants, YAKIM MANASSEH JORDAN ("Jordan") and MANASSEH JORDAN MINISTRIES, INC. ("MJM") (collectively, the "Manasseh Parties"), respectfully move to dismiss the Complaint because Plaintiff DAISY BUNDRAGE ("Plaintiff") has failed to state a plausible claim upon which relief may be granted. Alternatively, the Manasseh Parties move to dismiss the Complaint for a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).

**I. INTRODUCTION**

Plaintiff Daisy Bundrage ("Plaintiff") has asserted a one-count Complaint against the Manasseh Parties for telephone calls she alleges were made to her cellular telephone without consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").[1] MJM is described in the Complaint as "Manasseh Jordan Ministries" and defined as

---

[1] *See* Complaint (DE 1) (hereinafter, "Compl.").

1

"a purported, unverifiable, unregistered entity controlled and operated by Defendant Yakim [Jordan]."[2] Jordan is described in the Complaint, upon information and belief, as an "individual" "who owns, directs or otherwise controls the purported, unverifiable and unregistered entity defendant."[3] After so describing the Manasseh Parties, Plaintiff notes that "[a]ny reference *hereinafter* to 'Defendant' without further qualification is meant to refer to each and all Defendants herein jointly and severally."[4] The remainder of the Complaint contains no such "further qualification," ascribing all acts and conduct collectively to Jordan and MJM.[5]

Thereafter, Plaintiff's Complaint alleges the Manasseh Parties violated the TCPA by collectively placing 246 telephone calls to her cellular telephone; that the Manasseh Parties collectively used an automatic telephone dialing system and pre-recorded messages to contact her commencing on or around April 19, 2014; and they collectively sought to solicit "Plaintiff into Defendant's prophetic ministry."[6] Similarly, Plaintiff alleges that the undated letter attached as Exhibit "A" to the Complaint that she claims to have sent requesting her removal from a calling list was sent to, and received by, both of the Manasseh Parties collectively, notwithstanding that the letter was directed only to MJM and the purported delivery receipt attached as Exhibit "B" bears a signature of "Frank Juliano."[7] Lastly, Plaintiff claims that as of

---

[2] *Id.*, at ¶10.
[3] *Id.*, at ¶9.
[4] *Id.*, at ¶11 [emphasis added]. By expressly limiting the collective definition of the Manasseh Parties to the subsequent paragraphs, Plaintiff has rendered ambiguous her prior allegations that refer in the singular to "Defendant" or "Defendant's" without reference to one of the Manasseh Parties; *see Id.*, at ¶¶3-5.
[5] *Id.*, at ¶¶12-29.
[6] *Id.*, at ¶¶3, 12-14.
[7] *Id.*, at ¶¶20-21; Exhs. A and B.

the date of her Complaint, the Manasseh Defendants (collectively) were continuing to place calls to her telephone, and she seeks damages, declaratory relief, and injunctive relief against them.[8]

## II.  MOTION TO DISMISS

Plaintiff's Complaint must be dismissed because she has improperly asserted a claim against two defendants collectively without differentiating among them or their alleged actions, and she has failed to articulate any legal basis for treating the Manasseh Parties as a single entity or otherwise to allege sufficient facts to state a plausible[9] claim for relief under the TCPA.

It is well-established that a Complaint that simply lumps together separate and distinct defendants, without alleging specific acts or conduct by an individual defendant, fails to state a claim for relief.[10]  More particularly, TCPA claims against separate and distinct defendants that fail to identify which defendant made each call – just like the claim asserted here – must be dismissed for improperly lumping together defendants.[11]  In her Complaint, Plaintiff simply lumps Jordan and MJM together and avoids alleging any specific act or omission by Jordan or by MJM causing alleged harm to Plaintiff.  As such, the Complaint fails to provide fair notice to the Manasseh Parties of the precise nature of the claim against them, and it should be dismissed.

---

[8] *Id.*, at ¶26, "Wherefore" Clause.
[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must allege sufficient facts that, accepted as true, would state a claim for relief that is plausible on its face).
[10] *See Bruggemann v. Amacore Group, Inc.*, 2010 WL 935687, *3 (M.D. Fla. Mar. 15, 2010) (dismissing a claim for unjust enrichment that "lumps all of the Defendants together and merely states that the 'Defendants are possession [*sic*] of funds, assets, property and proprietary information belonging to the Plaintiffs'"); *Pierson v. Orlando Regional Healthcare Sys., Inc.*, 2010 WL 1408391, *21 (M.D. Fla. Apr. 6, 2010) (dismissing a claim because the Plaintiff lumped together multiple defendants to make allegations about "[Defendants'] conduct").
[11] *See Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367, 1374 (S.D. Fla. 2011) (dismissing TCPA claim "for improperly lumping together Defendants such that Defendants do not have fair notice of the precise nature of the violation that is claimed against them").

Plaintiff's Complaint further fails to articulate any legal basis for ignoring the distinctions between Jordan and MJM.  There are no allegations that MJM is a corporation and that Jordan is a corporate officer who directly participated in or authorized wrongful acts within the scope of his employment as a corporate officer, so as support liability for both Jordan and MJM under the TCPA.[12]  There are also no allegations to support joint liability under the theory of piercing the corporation veil.  In fact, Plaintiff fails to even allege that MJM is a corporation or that Jordan a corporate officer, director, or even employee of MJM.

Rather, Plaintiff merely makes a conclusory allegation alleges, *upon information and belief*, that MJM is an "entity" and Jordan is an "individual" and that Jordan "owns, directs or otherwise controls" MJM.[13]  These allegations substantially fail to satisfy the pleading requirements to allege collective liability under a theory of piercing the corporate veil.[14]  Moreover, Plaintiff does not even allege that MJM is a specific type of business entity at all, merely describing MJM as a "purported, unverifiable and unregistered entity."  Confusing her pleading further, Plaintiff also alleges, *upon information and belief*, that Jordan "owns, operates

---

[12] *See Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, 2015 WL 1257983 *1 (S.D. Fla. Mar. 18, 2015) ("a corporate officer 'may be personally liable under the TCPA if he has direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved'") (citing *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001)).

[13] Compl., at ¶¶ 9-10.

[14] *See Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d. 1114, 1120-1121 (Fla. 1984) (Florida courts are reluctant to discard the corporate form and pierce the corporate veil absent a showing that the corporation is formed or used for some illegal, fraudulent, or other unjust purpose, which a plaintiff must expressly plead and prove).  *See also In re Hillsborough Holdings Corp.*, 166 B.R. 461, 469 (U.S. Bankr. M.D. Fla. 1994) (applying standard under *Dania* in refusing to pierce corporate veil).

or manages several purported, unverifiable, unregistered entities," without any explanation of how those mysterious entities are connected to the TCPA allegations in the Complaint, if at all.[15]

Accordingly, Plaintiff has simply failed to allege sufficient facts supporting plausible claims for relief against Manasseh Parties under the standard enunciated in *Twombly*, and her Complaint must be dismissed. At a minimum, the Complaint's confusing and speculative allegations present an utter lack of certainty as to the "who," "what," "when," "where," and "why" of the facts being alleged, rendering it unintelligible and making it impossible for the Manasseh Parties to fashion a proper response. Alternatively, given the "shotgun" nature of the Complaint, if it is not dismissed, a more definite statement is in order.[16]

### III. MEMORANDUM OF LAW

Plaintiff's Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to a state plausible claim upon which relief may be granted. Alternatively, the Complaint must be dismissed for re-pleading for a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).

#### A. A Claim Must Be Dismissed if not Plausible on the Face of the Complaint under Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that all pleadings contain, among other items, "a short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings failing this standard are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), which permits responsive pleadings to assert a defense for "failure to state a claim upon

---

[15] Compl., at ¶9.
[16] *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (District Court did not abuse its discretion in dismissing the plaintiffs' second amended complaint with prejudice when the plaintiffs failed to comply with the District Court's order directing them to amend their shotgun pleading to state clearly how each and every defendant is alleged to have violated the plaintiffs' legal rights).

which relief can be granted." To survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] A "sheer possibility that the defendant has acted unlawfully" is insufficient, and "factual allegations must be enough to raise a right to relief above the speculative level."[19]

Moreover, "the tenet that a Court must accept as true all of the allegations contained in a Complaint is inapplicable to legal conclusions."[20] Therefore, to avoid dismissal at the pleading stage, the complaint must contain factual allegations that plausibly give rise to an entitlement to relief.[21] "[B]are assertions" which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, must be rejected as "conclusory and not entitled to be assumed true."[22]

### B. Manasseh Parties Are Entitled to Dismissal of the Complaint Because Plaintiff Fails to State A Plausible Claim for Relief

Plaintiff's Complaint lacks a short and plain statement of the claim showing that she is entitled to relief against either of the Manasseh Parties because she has failed to allege any specific act by Jordan or MJM that would give rise to liability under the TCPA. Instead, throughout the Complaint, Plaintiff describes her claim in a general and conclusory manner, asserting liability for purported collective conduct by the Manasseh Parties without articulating

---

[17] *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).
[18] *Twombly*, 550 U.S. at 556; *Iqbal*, 129 S.Ct. at 1949.
[19] *Twombly*, 550 U.S. at 555-556.
[20] *Id.*; *Iqbal*, 129 S.Ct. at 1949.
[21] *Iqbal*, 129 S.Ct. at 1950.
[22] *Id.*, at 1951.

any theory for treating them as a single party. Such conclusory allegations are not sufficient to meet the requirements for stating a claim.[23]

In fact, the United States District Court for the Southern District of Florida dismissed similar TCPA claims on the very same basis – for "improperly lumping together Defendants":

> Plaintiff alleges that Defendants "used an automated telephone dialing system or prerecorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone." Plaintiff then proceeds to identify specific dates upon which he purportedly received calls from Defendants. However, nowhere in the Complaint does Plaintiff identify which Defendant made each call, but instead he simply lumps the Defendants together despite that they are separate and distinct legal entities.[24]

Similarly, in her Complaint, Plaintiff expressly identifies Jordan and MJM collectively as "Defendant"[25] and then alleges, like the Plaintiff in *Bentley*, that the "Defendant" placed phone calls to her cellular phone using an automated telephone dialing system or prerecorded or artificial voice, without alleging that any specific call was made by either Jordan or MJM.[26] Like the Plaintiff in *Bentley*, Plaintiff fails to identify which of the Manasseh Parties made each call, instead lumping them together despite having described Jordan as an "individual" and MJM as an "entity," such that they are alleged to be separate and distinct parties. As such, Plaintiff's Complaint must also be dismissed for failing to provide fair notice to the Manasseh Parties of their individual acts and conduct that she claims support liability against either of them, or to

---

[23] *See Bruggemann*, 2010 WL 935687 at *3 (dismissing claims for breach of fiduciary duty and unjust enrichment that lumped all of the Defendants together without the describing acts or conduct by individual defendants); *Pierson*, 2010 WL 1408391 at *21 (dismissing claim for intentional infliction of emotional distress against multiple defendants because "Plaintiff lumps all of these Defendants together without differentiating among them or their alleged actions").
[24] *Bentley*, 773 F. Supp. at 1374 [internal citations omitted].
[25] Compl., at ¶11.
[26] *Id.*, at ¶¶12-14.

assert sufficient facts to allow the Court to draw a reasonable inference that either defendant is liable for the misconduct alleged.

Plaintiff's Complaint further lacks any allegations to support treating separate and distinct parties as a single entity under a theory of piercing the corporate veil, or premising joint liability based upon a corporation-officer theory. While courts have held that corporate officers can be individually liable under the TCPA for calls made by the corporation, "those decisions have all required the direct commission or authorization of wrongful acts by the corporate officer."[27] As a threshold matter, the Complaint fails to allege the existence of any corporation, much less allege that MJM is a corporation and Jordan an officer who could be held liable as a corporate officer for participation, or authorization, of TCPA violations in the scope of his employment. In any regard, Plaintiff has not asserted any facts to demonstrate that Jordan was an officer of MJM and directly committed or authorized wrongful acts by the corporation in the scope of his employment as an officer. Plaintiff's vague allegation, asserted upon information and belief, that Jordan "owns, directs or otherwise controls" MJM is insufficient to establish TCPA liability of Manasseh Parties under a corporation/officer theory of liability.[28]

Similarly, the Complaint's allegations do not allege facts to support piercing the corporate veil under established Florida law applied by federal courts, which requires that a plaintiff expressly *plead* and prove that the corporation was formed or used for some illegal,

---

[27] *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 WL 1283885 *4 (S.D. Fla. March 27, 2013) (citing *American FaxBlast,* 164 F. Supp. 2d at 898).

[28] *Id.*, at *3-4 (entering summary judgment against TCPA claims against corporate officer for telemarketing calls of corporation because plaintiff's allegations that officer's "control" of the corporation, including control of its policies and practices for making telemarketing calls, was insufficient to support any cause of action against him).

fraudulent, or unjust purpose.[29] To pierce the corporate veil, a plaintiff must plead facts to satisfy the following elements: (1) domination and control; (2) improper or fraudulent use of the corporate form; and (3) injury to the claimant as a result of the fraudulent or improper use of the corporate form.[30] Plaintiff fails even to describe a corporate entity, let alone facts to show the corporate form was misused for a fraudulent or improper purpose causing her injury. A complaint that lumps defendants together without articulating a legal theory for doing so must be dismissed:

> That stated, Defendants are correct that the Complaint impermissibly lumps Defendants together. Each Defendant is alleged to be distinct legal entities, but the Complaint does not adequately explain under what theory of liability Plaintiff is proceeding under. Although the Complaint states that the entities are "affiliated" and "act in concert" with each other, these statements are simply too conclusory.[31]

Similarly, Plaintiff's Complaint must be dismissed for improperly lumping together separate and distinct defendants based solely upon a single conclusory allegation that Jordan controlled MJM.

Lastly, Plaintiff's Complaint fails to identify any specific dates upon which she purportedly received calls from the Manasseh Parties, unlike the Plaintiff in *Bentley* whose TCPA claims were nonetheless dismissed for improperly lumping together defendants. Despite

---

[29] *See Dania*, 450 So. 2d. at 1120-1121; *In re Hillsborough Holdings*, 166 B.R. at 469 (applying standard under *Dania* in refusing to pierce corporate veil); *see also Mais*, 2013 WL 1283885 at *3-4 (S.D. Fla. March 27, 2013) (entering summary judgment against TCPA claims against corporate officer for telemarketing calls of corporation because plaintiff's allegations that officer's "control" of the corporation, including control of its policies and practices for making telemarketing calls, was insufficient to support any cause of action against him premised upon piercing the corporate veil or otherwise).

[30] *In re Fundamental Long Term Care, Inc.*, 507 B.R. 359, 373 (M.D. Fla. 2014).

[31] *Cellco Partnership v. Plaza Resorts, Inc.*, 2013 WL 5436553 *7 (S.D. Fla. Sept. 27, 2013) (granting motion to dismiss in part for improperly lumping defendants together).

alleging that she received 246 calls from Manasseh Parties, Plaintiff fails to identify any specific dates or times upon which any of those calls were placed, merely stating that the calls commenced on or around April 19, 2014.[32] This pleading insufficiency further supports dismissal for failure to state a plausible claim giving defendants fair notice of the claim asserted and the grounds upon which it rests.[33]

In *Augustin*, the plaintiff alleged that the defendant made hundreds of telephone calls in violation of the TCPA – like the Plaintiff here – but failed to provide the dates of the calls, the telephone number called, or the number from which he received the alleged unlawful calls, all of which is necessary to apprise the Defendant of the claims asserted and to allow Defendant to research its records for the alleged calls.[34] The Court noted that the Plaintiff's contention that he needed only to allege a call placed to a cellular phone using an automatic telephone system to state a TCPA claim, without dates, details, or phone numbers, was "not supported by case law."[35]

For all of the above-stated reasons, Plaintiff fails to allege a short and plain statement of fact showing she is entitled to relief against either Jordan or MJM for her TCPA claim. As such, her Complaint fails to state a claim for relief that is plausible on its face and must be dismissed under Rule 12(b)(6).

### C. In the Alternative, Plaintiff's Complaint Must Be Dismissed for Re-Filing with a More Definite Statement

---

[32] Compl., at ¶12.
[33] *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012) (dismissing TCPA claim for lack of sufficient factual allegations including allegations of specific dates and times on which the alleged calls were made).
[34] *Id*.
[35] *Id*.

As an alternative to outright dismissal, Federal Rule of Civil Procedure 12(e) permits a party to seek a more definite statement of a pleading that is so vague and ambiguous that the party cannot reasonably prepare a response.  At a minimum, Plaintiff's Complaint should be dismissed for re-filing with a more definite statement of the allegations, which are so vague, ambiguous, and speculative that Manasseh Parties cannot reasonably prepare their responses.

As previously noted hereinabove, Plaintiff has premised her claim entirely upon allegations of collective liability by improperly lumping together Manasseh Parties and describing them collectively as "Defendant."  This pleading defect by itself supports dismissal for re-filing with a more definite statement.  However, Plaintiff compounds the confusion by making a collective definition of the Manasseh Parties in Paragraph 11 of have Complaint, stating that all references "hereinafter" to "Defendant" shall refer collectively to the Manasseh Parties.  As a result, Plaintiff's allegations and references to "Defendant" in prior paragraphs of her Complaint are rendered completely unintelligible.  For example, Plaintiff makes the following statements in Paragraphs 3 through 5 of her Complaint:

> Defendant used an automatic telephone dialing system or a prerecorded or artificial voice to place each of the telephone calls to Plaintiff's cellular phone.[36]
>
> To no avail, Plaintiff has repeatedly requested to be removed from Defendant's calling list."[37]
>
> The persistent nuisance of Defendant's telephone calls constitutes an unlawful invasion of Plaintiff's privacy.[38]

Having sued two defendants, these allegations concerning the conduct by a singular defendant are patently ambiguous and fail to advise the Manasseh Parties, or the Court, which of

---

[36] Compl., at ¶3.
[37] *Id*., at ¶4.
[38] *Id*., at ¶5.

11

the two defendants is being referenced in these paragraphs. As a result, Manasseh Parties are left to guess as to what party Plaintiff is describing and they cannot reasonably prepare responses to these allegations.

Similarly, Plaintiff alleges to have sent a letter to Manasseh Parties, collectively, on June 12, 2014, requesting her removal from a calling list.[39] She then alleges that the Manasseh Parties, collectively, received the letter on June 16, 2014.[40] However, Plaintiff attaches as Exhibits "A" and "B" to her Complaint copies of a purported letter that is undated and directed only to MJM at a post office box in New York and a purported delivery receipt, reflecting delivery of an "item" to an unknown address in New York signed by "Frank Juliano." At the most, the letter reflects correspondence directed to MJM at the post office address described for MJM in the Complaint; however, the letter is neither directed to Jordan nor addressed to the address that Plaintiff described for him in the Complaint, contradicting allegations in the Complaint that Plaintiff sent a letter to Jordan and Jordan received the letter. Additionally, the alleged delivery receipt attached as Exhibit "B" is vague and ambiguous on its face, as it does not reference either of the Manasseh Parties, an address, or the alleged letter, and Plaintiff makes no effort to connect "Frank Juliano" to either of the Manasseh Parties.

Moreover, Plaintiff's Complaint is hopelessly ambiguous in that she has asserted claims against a defendant that she cannot even identify as a business entity, claiming solely upon information and belief that MJM is a "purported, unverifiable, and unregistered entity." Accordingly, Plaintiff asserts claims against a defendant that, according to her own speculation, is not a real entity. Moreover, Plaintiff inexplicably alleges, again *upon information and belief*,

---

[39] *Id.*, at ¶20.
[40] *Id.*, at ¶21.

that Jordan "owns, operates or manages several purported, unverifiable, unregistered entities." This allegation is not only vague and ambiguous, but also serves no purposes in stating her claim for relief.  Plaintiff offers no explanation of why she references these generic entities, or how they are connected to the TCPA allegations in the Complaint, or if she even claims they are involved at all.[41]  This allegation simply serves no purpose whatsoever other than to confuse and obfuscate the parties Plaintiff claims are liable for her claim, and the Manasseh Parties cannot reasonably frame a response.

Taking all of these ambiguities as a whole, and considering the conclusory allegations and pleading defects noted hereinabove in Section III, Plaintiff's Complaint is so vague and ambiguous that it should be dismissed for refiling with a more definite statement pursuant to Rule 12(e), if the Complaint is not dismissed altogether.

IV.   **CONCLUSION**

Based on the foregoing, Defendants Yakim Manasseh Jordan and Manasseh Jordan Ministries, Inc., respectfully submit that the Complaint must be dismissed because the Plaintiff has failed to state plausible claims upon which relief may be granted against either of them. Alternatively, the Complaint must be dismissed for a more definite statement.

DATED: May 29, 2015

                                        Respectfully submitted,

                                        GREENSPOON MARDER, P.A.

                                        JEFFREY A. BACKMAN, ESQ.
                                        Fla. Bar No. 662501
                                        jeffrey.backman@gmlaw.com

---

[41] Compl., at ¶9.

> 200 East Broward Blvd., Suite 1800
> Fort Lauderdale, FL 33301
> Telephone: (954) 491-1120
> Facsimile: (954) 213-0140
>
> */s/ Brian R. Cummings*
> BRIAN R. CUMMINGS, ESQ.
> Fla. Bar No. 25854
> brian.cummings@gmlaw.com
> Greenspoon Marder, P.A.
> 401 E. Jackson Street, Suite 1825
> Tampa, FL 33602
> Telephone: (813) 769-7020
> Facsimile: (813) 426-8582
>
> *COUNSEL FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 29th day of May, 2015.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

> */s/ Brian R. Cummings*
> BRIAN R. CUMMINGS, ESQ.

**SERVICE LIST**

JAMES S. GIARDINA, ESQ.
James@ConsumerRightsLawGroup.com
KIMBERLY H. WOCHHOLZ, ESQ.
Kim@ConsumerRightsLawGroup.com
The Consumer Rights Law Group, PLLC
3104 W. Waters Avenue, Suite 200
Tampa, FL 33614-2877

*COUNSEL FOR PLAINTIFF*