UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAISY BUNDRAGE,

    Plaintiff,

v().  Case No: 8:15-cv-618-T-33JSS

YAKIM MANASSEH JORDAN and
MANASSEH JORDAN MINISTRIES,
INC.,

    Defendants.
_____/

## ORDER ON STIPULATION FOR ENTRY OF AGREED PROTECTIVE ORDER

THIS MATTER is before the Court on the parties' Stipulation for Entry of Agreed Protective Order (Dkt. 23), which the Court construes as a motion requesting that the Court enter the Agreed Protective Order attached to the Stipulation as Exhibit A (Dkt. 23-1).[1]  Upon consideration, the Stipulation for Entry of Agreed Protective Order is denied without prejudice.

Paragraph 4(h) of the Agreed Protective Order states that documents designated as confidential "shall be filed under seal consistent with the Local Civil Rules of this Court."  Unless filing under seal is authorized by statute, rule, or order, a party may not file a document under seal without first seeking permission from the Court.  *See* M.D. Fla. R. 1.09.  Middle District of Florida Local Rule 1.09 establishes the procedures for a party to move to file a document under seal.  *Id.*  Because Paragraph 4(h) of the Agreed Protective Order directs the parties to file confidential documents under seal without first filing a motion, it does not comply with Local Rule 1.09.

---

[1] The parties are reminded that they may reach their own agreement regarding the designation of materials as "confidential," which the Court does not need to endorse.  The Court typically will enforce stipulated and signed confidentiality agreements, to the extent they comply with applicable laws and rules of procedure (including the Local Rules).  If, however, the parties seek entry of a protective order by the Court, they must file a motion requesting same.

Additionally, Paragraph 14 of the Agreed Protective Order states that

> [t]he Court retains jurisdiction over any person subject to this Order for the purposes of enforcing this Order. The Court shall not be divested of jurisdiction necessary to enforce this Order by the conclusion of this lawsuit or by the filing of a notice of appeal or other document which ordinarily would have the effect of divesting this Court of jurisdiction over this lawsuit generally.

The Court does not agree to this provision. The Court's jurisdiction to enforce the terms of any protective order shall terminate upon a final determination of the action in which the order was entered. Accordingly, it is

**ORDERED**:

1. The parties' Stipulation for Entry of Agreed Protective Order is **DENIED** without prejudice.

2. The parties may submit an amended protective order that complies with this Order.

**DONE** and **ORDERED** in Tampa, Florida on July 29, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record