```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

DAISY BRUNDAGE,

    Plaintiff,
v.                                    Case No.  8:15-cv-618-T-33JSS

YAKIM MANASSEH JORDAN a/k/a
Prophet Manasseh Jordan and
MANASSEH JORDAN MINISTRIES,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants' Motion to Excuse Individual Defendant Yakim Manasseh Jordan's Attendance at Mediation or, in the Alternative, Permitting his Attendance by Telephone (Doc. # 30), which was filed on September 14, 2015.  Upon due consideration, the Court denies the Motion.

**Discussion**

On May 26, 2015, the Court entered an Order referring this case to mediation with Peter Grilli, Esq. (Doc. # 9). Therein, the Court established the mediation deadline of August 10, 2015, and decreed that "all counsel, parties, corporate representatives, and any other required claims professionals shall be present at the mediation conference with full authority to negotiate a settlement. **The Court does not allow mediation by telephone** or video conference.

**Personal attendance is required**. See Local Rule 9.05(c)." (Id. at 3)(emphasis added). Thereafter, on June 9, 2015, Defendants filed a Motion for Extension of the Deadline to Complete Mediation in which they represented that their "clients were available for mediation on September 21, 22, 23, 24, 25, or 30, 2015." (Doc. # 13). The Court enlarged the mediation deadline from August 10, 2015, to and including September 25, 2015, to accommodate Defendants. (Doc. # 14).

At this juncture, the mediation is set for September 25, 2015. (Doc. # 21). Defendants seek an Order either excusing Yakim Manasseh Jordan from the mediation entirely or allowing Mr. Jordan to participate in the mediation by telephone. (Doc. # 30). Defendants argue that this relief is appropriate because Mr. Jordan "does not participate in [the Ministry's] calling operations and was not involved, directly or indirectly, in the making of the alleged calls to Plaintiff." (Id. at 2). Defendants also submit that "Mr. Jordan's excusal from mediation would serve the charitable purposes of the Ministry by enabling him to attend a scheduled lecture at a church event outside of Florida on September 25, 2015." (Id. at 3). Defendants add that Mr. Jordan's "presence would not be necessary to negotiate a full and complete resolution of this case" as he is a "spiritual leader not involved in the

2

day-to-day calling operations of the Ministry." (Id. at 2-3).

Defendants' arguments are unpersuasive. Defendants have been on notice of the Court's personal attendance requirement for mediation since May 26, 2015, when the Court referred the parties to mediation. (Doc. # 9). In addition, the Court enlarged the original mediation deadline to accommodate Defendants and based on Defendants' representation that they would be available to mediate on September 25, 2015. (Doc. # 14). Although the Court recognizes that Mr. Jordan, as the spiritual leader of his Ministry, has other important obligations, the Court determines that defending the Ministry from legal actions should be one of them.

Parties have been required to attend mediation in person under harsher circumstances. See Pecoraro v. State Farm Fire and Cas. Co., Civil Action No. 1:07-cv-777-LTS-RHW, 2008 WL 3842912, at *1 (S.D. Miss. Aug. 13, 2008) ("This Court has denied other requests based on hardship, including one in which the Plaintiff lived in Bartlesville, Oklahoma, had limited financial means to travel to Mississippi for the mediation, was disabled to the point of being legally blind, did not have a driver's license, and her means of travel were limited."). Further, at least one court has imposed sanctions for a party's failure to procure the personal attendance of a

3

person with full settlement authority at a mediation conference. See <u>Falcon Farms v. R.D.P. Floral, Inc.</u>, Civil Action No. 07-23077-CIV-Ungaro/Simonton, 2008 U.S. Dist. LEXIS 62119, at *6 (S.D. Fla. Aug. 14, 2008).

Court annexed mediation is a valuable tool for the parties to utilize in settling their disputes.  While the Court understands the importance of keeping litigation costs down, a meaningful settlement discussion would be the best way to minimize costs.  This Court requires personal attendance at mediation conferences because this Court strongly believes that mediation conferences are most effective when attended personally, rather than telephonically.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Excuse Individual Defendant Yakim Manasseh Jordan's Attendance at Mediation or, in the Alternative, Permitting his Attendance by Telephone (Doc. # 30) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>15th</u> day of September, 2015.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record